In the Matter of HARRY RUDERMAN, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, October 21, 1969.

*George R. Osborne* (*Arthur Winoker* with him on the brief), for petitioner.

*Louis Feren* for respondent.

*Per Curiam.* Respondent was admitted to practice by the Second Judicial Department in December, 1933. This proceed-

ing brought by the Co-ordinating Committee on Discipline of the Association of the Bar of the City of New York, the New York County Lawyers' Association and the Bronx County Bar Association was referred to a Referee for the taking of testimony and the rendering of a report. The Referee has found the charges as alleged to be duly sustained with the exception of Charge No. 3 which was withdrawn and with the exception that he rejected certain allegations in Charge No. 1. The petitioner's motion to confirm the Referee's report is in all respects granted and the motion by respondent for an order disaffirming the report, insofar as the Referee sustains the charges and for a dismissal of the charges, is denied.

The charges, as sustained, and the evidence in support thereof, establish (Charge No. 1) that the respondent was guilty of improperly procuring referrals by lay persons to him of a small number of personal injury cases, the consideration paid to one of such persons being $5 to $15 a case, and the other person being extended small loans (totaling approximately $100) in consideration of the referrals; (Charge No. 2) that the respondent paid a sum of money ($135) to an insurance adjuster to influence him to settle a personal injury case; and (Charge No. 4) that respondent neglected the prosecution of a personal injury action whereby there was a default on a calendar call and a dismissal of an action one year later, although it appears that thereafter the respondent in behalf of his client moved to open the default and the case was settled.

Unquestionably, the charges as established represent professional misconduct of a nature indicating a serious disregard for the standards required for members of the Bar. Respondent's derelictions may not be justified on the basis that small sums of money were involved. On due consideration, however, of the mitigating factors in this particular case, including the age of respondent, his long and otherwise unblemished record of membership in the Bar and the absence of a showing of serious loss by any client, we determine that the respondent should be suspended from the practice of law for a period of one year.

STEVENS, P. J., EAGER, CAPOZZOLI, TILZER and McGIVERN, JJ., concur.

Respondent suspended for a period of one year, effective November 21, 1969.